F. M. WALL CO., Respondent, v. MARSHALL et al., Defendants; SADRING et al., Appellants.

(No. 7,223.)

(Decided January 22, 1934.)

[28 Pac. (2d) 1089.]

*Mr. F. W. Mettler* and *Mr. Carl N. Thompson,* for Appellants.

*Mr. F. V. Watts* and *Messrs. Brown, Wiggenborn & Davis,* for Respondent.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This controversy is over a motion to dismiss an appeal from an order denying a motion to vacate an order appointing a receiver, on the ground that the appellants have failed to file in this court a transcript on appeal within the time allowed by the rules of this court, or within five months thereafter, and that appellants have been guilty of laches.

The complaint in this action, designed to foreclose a mortgage, was filed in the office of the clerk of the district court on December 28, 1932. Appellants appeared by demurrer January 17, 1933. Plaintiff filed notice of application for the appointment of a receiver on January 28, 1933, and, after

hearing, the court on February 17, 1933, appointed a receiver to take charge of the mortgaged property, with the powers usual in such cases. On March 15 appellants gave notice that on the 21st of March, 1933, they would move to vacate and set aside the order appointing the receiver. On March 27, 1933, the court denied the motion. From the order denying this motion, appellants sought to appeal. Notice of appeal was served on opposing counsel on May 20, 1933, and was filed in the district court on May 26, 1933; an undertaking on appeal was filed with the clerk of the district court on May 31, 1933. Appellants served a proposed bill of exceptions on May 20, 1933, but the bill was not settled until September 21, 1933. Nothing further appears to have been done in the matter until the respondent, plaintiff below, prepared a motion to dismiss the appeal, to which there was attached a certificate of the clerk of the district court, dated December 27, 1933, in which that officer certified that the appellants had neither requested nor received a certified transcript, and none had been issued in the cause. Attached to the motion was a copy of the notice of appeal duly certified by the clerk under date of December 30, 1933.

A transcript, certified by the clerk of the district court on December 30, 1933, was filed in this court on January 2, 1934, by appellants, and on the next day the motion to dismiss the appeal, to which the certificates of the clerk of the district court dated December 27, 1933, and December 30, 1933, were attached, was filed in this court by respondent. An amended motion to dismiss the appeal was filed in this court on January 4, wherein is set forth the additional ground that the order described in the notice of appeal and from which the appeal is sought to be taken, is not an appealable order.

By the rules of this court, which have been in force for ▇ many years, the appellant is charged with the duty of having the transcript perfected and filed with the clerk of this court within sixty days after the appeal is perfected, or the appeal will be subject to dismissal on motion of the adverse party, seasonably made; but if it shall appear that the delay

has been without laches on the part of appellant, his appeal will not be dismissed for such delay until reasonable time is allowed for filing the record (Rule IV, subds. 1 and 2), and the court may dismiss an appeal upon its own motion where it appears the appellant has been guilty of laches (Rule IV, subd. 3; 87 Mont. xix, xx). No reason is given by the appellant for the delays which occurred after the appeal was perfected.

This court has been liberal in the application of Rule IV. The practice has been, if the appellant finds that he will not be able to have his bill of exceptions settled, or for some other good reason will be unable to file his transcript within the sixty-day period, to ask this court for an extension of time within which the transcript may be filed. Such a request, timely made, has never been denied. The rule requires diligence, detests delay, but will be relaxed when reasonable expedition and good faith are shown. The ruling of the trial court is presumed to be correct, and the rights of the respondent, as well as those of appellant, are to be considered. Inexcusable delay injuriously affects the rights of the respondent, and clogs the wheels of justice.

Under the rules, the transcript should have been filed in this court on or before July 31, 1933. No application for an extension of time within which to file the transcript was ever made. It appears that the bill of exceptions was settled September 21, as has been shown; but no excuse is offered for failure to file the transcript promptly after that time. This court cannot excuse the laches shown by appellants, and must invoke the penalty of dismissal. We trust this example will serve as a warning to others.

The appellants have been guilty of another infraction of the rules. It will be recalled that no transcript had been requested of the clerk of the court, nor had that officer certified to one on December 27, 1933; but on December 30, 1933, the present transcript was certified by that officer. The haste with which the document was prepared may account in some

measure for its condition and that of the copies which have been lodged with the clerk.

For a number of years the rules of this court have provided that in all cases, except where printing is required, the transcript shall be plainly written with a typewriter, with black record ink, and the manner of making up the transcript is specified. Subdivision 3 of Rule IX provides: "In all cases where the transcript is not required to be printed, the original transcript shall be typewritten plainly, and two plain carbon (black) copies shall be lodged with the clerk of this court. * * * An infraction of this rule shall subject the appellant to a dismissal of his appeal." (93 Mont. xvii; compare 87 Mont. xxv.) The original transcript in this case is not plainly written, nor does it comply with the rules in other particulars. Neither copy is easy to read.

We have been liberalizing the rules for many years and have interpreted and administered them with a desire to promote justice. We have endeavored to facilitate the speedy disposition of appeals, and at the same time to lighten the burdens of counsel as well as those of this court. We have relaxed the rule requiring the printing of transcripts, and sometimes of briefs, when it has appeared that a litigant, because of lack of means, was unable to defray the expense of printing. The rules are made to be observed—in the performance, not in the breach. There is altogether too much disregard of the provisions of Rule VI and subdivision 3 of Rule IX. With respect to the nonobservance of these, we suggest that patience is fast ceasing to be a virtue.

The appeal must be, and is, dismissed.

ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS, STEWART and ANDERSON concur.

Rehearing denied February 2, 1934.